### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

ZANY TOYS, LLC,

                              Plaintiff

v.

88 MERCHANDISE COMPANY,

                              Defendant

Civil Action No. 1:19-cv-5256

JURY TRIAL DEMANDED

### COMPLAINT

Plaintiff Zany Toys, LLC ("Zany"), by and through its undersigned counsel, as grounds for its Complaint against Defendant 88 Merchandise Company ("Defendant") for trademark infringement, trade dress infringement, dilution, false designation of origin, unfair competition, and deceptive acts and practices, pleads and alleges as follows:

### PRELIMINARY STATEMENT

1.      This action is brought by Zany under the Lanham Act, 15 U.S.C. § 1051, *et seq*., the common law of the state of New York, and New York Gen. Bus. Law §§ 349-350 and 360-1 against Defendant, seeking permanent injunctive relief and damages relating to Defendant's intentional infringement and misappropriation of Zany's registered trademarks **THE NO! BUTTON, THE NO BUTTON!,** and **NO!**, and Zany's **THE NO! BUTTON** trade dress design (together, "Zany's **NO!** Marks" or "**NO!** Marks") arising out of Defendant's promotion, advertising and sales of its infringing product(s).

2.      By this action, Zany seeks to enforce its registered trademark and common law trade dress rights to its **NO!** Marks, which it has been using in connection with *talking electronic*

*press-down toys* and *talking toys* in U.S. commerce since at least as early as July 23, 2010.

3.      Zany seeks relief arising from Defendant's infringing use of trademarks and trade dress that is confusingly similar to Zany's registered **NO!** Marks and identical to Zany's distinctive and non-functional trade dress.

4.      Zany further seeks injunctive relief and damages for trademark infringement in violation of Section 1114 of the Trademark Act of the United States, 15 U.S.C. § 1114; for trade dress infringement, unfair competition and false designation of origin in violation of Section 1125(a) of the Trademark Act of the United States, 15 U.S.C. § 1125(a); dilution in violation of Section 1125(a) of the Trademark Act of the United States, 15 U.S.C. § 1125(c); and for unfair competition in violation of the common law of the State of New York.

## THE PARTIES

5.      Zany is a Connecticut limited liability company, with a place of business at 609 Matson Hill Road, South Glastonbury, Connecticut 06073. Zany is the owner of all right, title and interest to its **NO!** Marks as described above. Zany has been using its marks continuously in commerce that Congress may regulate since at least as early as July 23, 2010.

6.      On information and belief, Defendant is a corporation organized under the laws of the state of Illinois with offices at 2420 East Oakton Street, Unit H, Arlington Heights, Illinois 60005.

## JURISDICTION & VENUE

7.      This court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 1071(b)(l) and (4), 15 U.S.C. § 1121 (Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (patent, trademark and copyright), and 28 U.S.C. § 1367 (supplemental jurisdiction).

8.      This Court has personal jurisdiction over Defendant because it purposefully

availed itself of the laws of the State of New York through its nationwide marketing and sales of products that are confusingly similar to, and thus infringing upon, Zany's **NO!** Marks, including within the state of New York and via the Internet.

9.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) and (c).

## BACKGROUND & FACTS

10.      Zany has invested significant time and money to create, develop, advertise, market and sell its products under its **NO!** Marks.

11.      Zany (directly or through its predecessors-in-title and/or -interest, or by assignment) owns the federal trademark registrations indicated below:

| MARK | SER. NO. | REG. NO. | GOODS | CLASS | FIRST USE | FILING DATE |
|------|----------|----------|-------|-------|-----------|-------------|
| **THE NO! BUTTON** | 86024053 | 5163737 | Talking electronic press-down toy; Talking toys | 28 | July 23, 2010 | July 30, 2013 |
| **NO!** | 86024047 | 5061711 | Talking electronic press-down toy; Talking toys | 28 | July 23, 2010 | July 30, 2012 |
| **THE NO BUTTON!** | 85815112 | 4978322 | Talking electronic press-down toy | 28 | July 23, 2010 | January 3, 2013 |

A true and correct copy of the trademark registrations are attached hereto as **Exhibit A**.

12.      Since at least as early as July 23, 2010, Zany has been using, in commerce that Congress may regulate, its **NO!** Marks in connection with *talking electronic press-down toys* and *talking toys*.

13.      Zany is the owner of federal trademark registrations identified in Paragraph 11, and common law rights to **THE NO! BUTTON**, **THE NO BUTTON!**, **NO!** and the distinctive trade dress designs for the configuration of Zany's product dating back to July 23, 2010.

14.      Zany's **NO!**-branded products have earned great notoriety and fame through years of prominent use, unsolicited media exposure, and sales. As such, its **NO!** Marks are famous.

15.      Zany's products are available through such retailers as Learning Express Stores

and Hallmark stores, and online through such digital stores as Amazon and eBay.

16.     Zany has sold and shipped its **NO!**-branded products to all 50 states and internationally.

17.     Zany's **THE NO! BUTTON** product, along with its associated trademarks and distinctive trade dress, are well known and famous. For example, Zany's **THE NO! BUTTON** product was prominently featured in the Academy of Television Arts & Sciences 2012 Emmy Awards® presentation and television broadcast, which aired on September 23, 2012 at 8:00 p.m. (EST) on ABC. The 2012 Emmy Awards were viewed by 13.2 million television viewers.

18.     During the 2012 Emmy Awards ceremony, Vince Gilligan, award-winning creator of the award-wining television series "Breaking Bad," featured Zany's **THE NO! BUTTON** product in his video presentation. It was viewed by up to 13.2 million viewers, further demonstrating the fame and renown of Zany's THE NO! BUTTON product and associated trademarks and trade dress.

19.     The National Football League ("NFL") produced and broadcast a video entitled "'A Football Life':  Dark Times," featuring New York Giants coach Tom Coughlin, which is available at http://www.nfl.com/videos/new-york-giants/0ap2000000066044/A-Football-Life-Dark-times.

20.     During the NFL interview with Mr. Coughlin, Mr. Coughlin used Zany's **THE NO! BUTTON** product at about the 00:34 (34 second) mark.

21.     With regard to Messrs. Gilligan and Coughlin's use and mentions of Zany's product, neither Mr. Gilligan, Mr. Coughlin, nor the NFL, nor the Academy of Television Arts & Sciences were compensated in any way by Zany or any person acting on Zany's behalf.

22.     Zany's product has also been used or featured on other television shows and

programs including, but not limited to, "American Pickers" (Episode entitled "Louisiana Purchase," aired August 16, 2013 on The History Channel).

23.     These references to Zany's well known, famous **NO!**-branded products were unsolicited and gratuitous.

24.     Such references establish the notoriety, fame, exposure, and consumer recognition of Zany's **NO!** Marks, product(s) and distinctive trade dress designs, and are also indicative of the national, if not international, renown and fame of Zany's **NO!** Marks, Zany's products, and Zany's distinctive trade dress.

25.     Defendant was aware of the existence and prior use of Zany's **NO!** Marks, and has misappropriated and infringed upon same in connection with its offering for sale, advertising, marketing, and selling of its infringing products.

26.     Defendant's conduct unlawfully capitalizes on the goodwill and reputation established by Zany through its use and promotion of its **NO!** Marks dating back to July 23, 2010. Defendant's infringement of Zany's **NO!** Marks is likely to cause a substantial number of consumers, purchasers, potential purchasers, and others to be confused or mistaken into believing that Defendant and its products originate with, are sponsored or approved by, emanate from, or are otherwise associated with Zany or the source of Zany's products and Zany's **NO!** Marks, which they are not.

27.     Moreover, Defendant was aware of Zany's distinctive and non-functional proprietary trade dress, that consists of (1) a round, (2) red disk, (3) bearing "**NO!**", (4) in a white and (5) serif font (6) placed on a dark, (8) round base, (9) which has vertical grooves placed thereon.

28.     Defendant's infringing trade dress adopts every single aspect of Zany's distinctive

and non-functional proprietary trade dress, namely, (1) a round, (2) red disk, (3) bearing "**NO!**",
(4) in a white and (5) serif font (6) in the same size as the font on Zany's product, (7) placed on a
dark, (8) round base, (9) which has vertical grooves placed thereon. Moreover, the size of
Defendant's Infringing Button product is identical to the size of Zany's product.

29.     Defendant has thereby infringed and diluted Zany's registered trademarks and
common law trade dress rights, has falsely designated the origin of its products and services, and
has engaged in unfair competition.

30.     Defendant is not now, nor has it been at any time, authorized to use Zany's **NO!
Marks** or related intellectual property.

## ZANY'S PRODUCT

31.     Each unit of Zany's **THE NO! BUTTON** product bears the trademark **THE NO!
BUTTON** on the packaging and the trademark **NO!** on the product itself.

32.     Each unit of Zany's product bears a lot number identifying the product as Zany's
genuine product and where and when it was made.

33.     Zany sells its product directly from its website for a retail price of $11.99, which
includes free shipping.

34.     Zany's product is available for sale at its web site www.thenobutton.com, which
redirects to zanytoys.com, where images of Zany's products appear and consumers may click to
find its pleaded product at https://zanytoys.com/products.

35.     Zany's product is also available through such retailers as Learning Express Stores
and Hallmark stores, and online through such digital stores as Amazon and eBay.

36.     Zany's  distinctive trade dress comprises: (1) a round, (2) red disk, (3) bearing
"**NO!**", (4) in a white and (5) serif font (6) placed on a dark, (8) round base, (9) which has

vertical grooves placed thereon.

37.    Zany's products have enjoyed immense success, notoriety and unsolicited media exposure since their launch in 2010.

### DEFENDANT'S INFRINGING PRODUCTS

38.    Well after Zany's first use of its **No!** Marks, Defendant began offering for sale, advertising, marketing, and selling two products that are identical or virtually identical to Zany's **THE NO! BUTTON** product: a same-size button version (the "Infringing Button") and a keychain-size button version (the "Infringing Keychain Button").

39.    On the Infringing Button, Defendant's use of **NO!** and/or **NO** as a trademark is identical or virtually identical to Zany's **NO!** trademark.

40.    On the Infringing Button, Defendant's use of **THE NO! BUTTON** or **NO BUTTON** as trademarks and/or to identify its goods is identical or confusingly similar to Zany's **NO!** Marks.

41.    As shown in Fig. 1, Defendant's Infringing Button product adopts every single aspect of Zany's distinctive and proprietary trade dress, namely, (1) a round, (2) red disk, (3) bearing "**NO!**", (4) in a white and (5) serif font (6) in the same size as the font on Plaintiff's product, (7) placed on a dark, (8) round base, (9) which has vertical grooves placed thereon. Moreover, the size of Defendant's Infringing Button product is identical to the size of Zany's product.



*Fig. 1. Left: Plaintiff's The No! Button product; right: Defendant's Infringing Button product.*

42.     Defendant's infringing product is a near exact reproduction of Zany's product.

43.     As shown in Fig. 2, the packaging for Defendant's Infringing Button bears

infringing use of Zany's THE NO! BUTTON, NO! marks and related distinctive trade dress.



*Fig. 2. Defendant's Infringing Button product packaging.*

44.     Defendant sells the Infringing Button on its 88merchandise.com website for $8.00

per unit.

45.     On the Infringing Keychain Button, Defendant's use of **NO!** and/or **NO** as a trademark is or virtually identical to Zany's **NO!** trademarks.

46.     On the Infringing Keychain Button, Defendant's use of **THE NO! BUTTON** or **NO BUTTON** as a trademark or to identify its goods is identical or confusingly similar to Zany's trademarks.

47.     As shown in Fig. 3, Defendant's Infringing Keychain Button product infringes upon Zany's **No!** Marks and adopts every single aspect of Zany's distinctive and proprietary trade dress, in a miniaturized version, namely, (1) a round, (2) red disk, (3) bearing "**NO!**", (4) in a white and (5) serif font (6) in a smaller size font than the font on Zany's product but proportional to the product size, (7) placed on a dark, (8) round base, (9) which has vertical grooves placed thereon. The size of Defendant's Infringing Keychain Button product is one-half the diameter of Zany's product and includes a keychain attachment, but is identical in all other aspects.



*Fig. 3. Left: Plaintiff's The No! Button product; right: Defendant's Infringing Keychain Button product.*

48.     As shown in Fig. 4, the packaging for Defendant's Infringing Keychain Button bears infringing uses of Zany's **THE NO! BUTTON** and **NO!** marks.

 

*Fig. 4. Defendant's Infringing Keychain Button product packaging.*

49.     Defendant sells the Infringing Keychain Button on its 88merchandise.com website for $2.50 per unit.

50.     Despite their superficial similarities, Defendant's infringing products are inferior to Zany's products.

51.     On information and belief, Defendant has never used Zany's **NO!** Marks, nor any substantially similar or substantially identical marks or trade dress designs in commerce prior to Zany's date of first use, namely, July 23, 2010.

52.     On information and belief, Defendant has never used Zany's **NO!** Marks or any substantially similar or substantially identical mark in commerce prior to January 3, 2013.

53.     Defendant's infringing products are, or have been, marketed under marks that are

either identical or confusingly similar to Zany's **NO!** Marks, all of which are likely to cause confusion with, and dilute, Zany's **NO!** Marks.

54.     Defendant's adoption of marks confusingly similar to Zany's **NO!** Marks and selling and offering for sale of products that infringe Zany's marks and trade dress using Zany's **NO!** Marks were done in bad faith with Defendant's knowledge of Zany's prior rights.

<u>**COUNT I**</u>
**(Trademark Infringement Under 15 U.S.C. § 1125(a))**

55.     Plaintiff repeats and realleges Paragraphs 1 through 54 of this Complaint.

56.     This claim is for the infringement of three registered trademarks, pursuant Section 32(1) of the Lanham Act, 15 U.S.C. § 1125(a), as amended.

57.     Plaintiff owns valid, protectable rights in **THE NO! BUTTON** as a registered trademark, which are superior to any rights Defendants may claim to have.

58.     Plaintiff owns valid, protectable rights in **NO!** as a registered trademark, which are superior to any rights Defendants may claim to have.

59.     Plaintiff owns valid, protectable rights in **THE NO BUTTON!** as a registered trademark, which are superior to any rights Defendants may claim to have.

60.     Defendant's unauthorized use of **THE NO! BUTTON**, **NO BUTTON** or substantially identical or similar designations is likely to cause confusion and mistake with Zany's **NO!** Marks, and is likely to deceive the public as to the approval, sponsorship, affiliation, connection, license, source, origin, or association of Defendant's products and commercial activities with Zany and its **NO!**-branded goods.

61.     Defendant's unauthorized use of **NO!** or substantially identical or similar designations is likely to cause confusion and mistake with Zany's **NO!** Marks, and is likely to deceive the public as to the approval, sponsorship, affiliation, connection, license, source, origin,

or association of Defendant's product and commercial activities with Zany and its **NO!**-branded goods.

62.     On information and belief, Defendant's infringement of Zany's **NO!** Marks has been willful, intentional and deliberate, and designed to trade on Zany's goodwill associated with Zany's famous **NO!** Marks, and Defendant has profited and been unjustly enriched, and will continue to profit and be unjustly enriched, by sales and publicity that Defendant would not otherwise have obtained but for its unlawful conduct.

63.     Defendant's acts described above have caused and will continue to cause injury and damages to Zany, and have caused and will cause irreparable injury to Zany's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby Zany has no adequate remedy at law.

64.     As a direct result of the Defendant's infringement, Zany has suffered and will continue to suffer damages, irreparable harm and impairment of the value of its trademark and trade dress rights, great detriment to its business, goodwill, reputation and profits.

65.     Zany is entitled to recover from Defendant the damages sustained by Zany as a result of Defendant's wrongful acts in an amount subject to proof at trial.

66.     Because Defendant's actions have been willful, Zany is entitled to treble its actual damages or Defendant's profits, whichever is greater, and to an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## <u>COUNT II</u>
### (Trade Dress Infringement Under 15 U.S.C. § 1125(a))

67.     Zany repeats and realleges Paragraphs 1 through 66 of this Complaint.

68.     Zany owns valid and protectable rights in its distinctive and non-functional trade dress, which are superior to any rights Defendant may claim to have.

69.     Zany's trade dress comprises the following non-functional elements, which are inherently distinctive or have acquired secondary meaning through continuous use since July 23, 2010 and significant sales of Zany's products: (1) a round, (2) red disk, (3) bearing "**NO!**", (4) in a white and (5) serif font (6) placed on a dark, (8) round base, (9) which has vertical grooves placed thereon.

70.     The trade dress of Defendant's Infringing Button product is practically identical and thus confusingly similar to Zany's non-functional and distinctive trade dress. Specifically, Defendant's Infringing Button product trade dress comprises, and therefore infringes, at least the following: (1) a round, (2) red disk, (3) bearing "**NO!**", (4) in a white and (5) serif font (6) in the same size as the font on Zany's product, (7) placed on a dark, (8) round base, (9) which has vertical grooves placed thereon.

71.     The trade dress of Defendant's Infringing Keychain Button product is practically identical and thus confusingly similar, in a miniaturized version, to Zany's trade dress. Specifically, Defendant's Infringing Keychain Button product trade dress comprises, and therefore infringes, at least the following: (1) a round, (2) red disk, (3) bearing "**NO!**", (4) in a white and (5) serif font (6) in a smaller size font than the font on Zany's product but proportional to the product size, (7) placed on a dark, (8) round base, (9) which has vertical grooves placed thereon. The size of Defendant's Infringing Keychain Button product is one-half the diameter of Zany's product and includes a keychain attachment, and is otherwise identical in all other aspects.

72.     Defendant has infringed Zany's trade dress in its copying of Zany's non-functional size, shape, color or color combinations, texture, and graphics, thus constituting unfair competition and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15

U.S.C. §1125(a).

73.     Defendant knew of Zany's distinctive trade dress when it designed its products, and has refused to change its product or packaging despite being informed as early as May 20, 2017. Accordingly, Defendant's infringement has been and continues to be intentional, willful and without regard to Zany's distinctive trade dress.

74.     Defendant's acts described above have caused and will continue to cause injury and damages to Zany, and have caused and will cause irreparable injury to Zany's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby Zany has no adequate remedy at law.

75.     As a direct result of the Defendant's infringement, Zany has suffered and will continue to suffer damages, irreparable harm and impairment of the value of its trade dress rights, great detriment to its business, goodwill, reputation and profits.

76.     Zany is entitled to recover from Defendant the damages sustained by Zany as a result of Defendant's wrongful acts in an amount subject to proof at trial.

77.     Because Defendant's actions have been willful, Zany is entitled to treble its actual damages or Defendant's profits, whichever is greater, and to an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT III
### (Trademark Dilution Under 15 U.S.C. § 1125(c))

78.     Zany repeats and realleges Paragraphs 1 through 77 of this Complaint.

79.     This claim is for trademark dilution pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), as amended.

80.     Zany's **NO!** Marks are distinctive and famous within the meaning of 15 U.S.C. § 1125(c)(1) and were distinctive and famous prior to the date of Defendant's unauthorized

adoption and infringing uses in connection with its infringing products.

81.     Defendant's conduct, as described above, is diluting, will dilute and/or is likely to dilute Zany's famous **NO!** Marks by harming the reputation of those marks and trade dress designs, or by otherwise tarnishing those marks and designs.

82.     Defendant's conduct, as described above, is diluting, will dilute and/or is likely to dilute Zany's famous **NO!** Marks by impairing the distinctiveness of those marks and designs.

83.     Defendant's acts described above have caused and will continue to cause injury and damages to Zany, and have caused and will cause irreparable injury to Zany's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby Zany has no adequate remedy at law.

84.     As a direct result of the Defendant's infringement, Zany has suffered and will continue to suffer damages, irreparable harm and impairment of the value of its trademark and trade dress rights, great detriment to its business, goodwill, reputation and profits.

85.     Zany is entitled to recover from Defendant the damages sustained by Zany as a result of Defendant's wrongful acts in an amount subject to proof at trial.

86.     Because Defendant's actions have been willful, Zany is entitled to treble its actual damages or Defendant's profits, whichever is greater, and to an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

<u>**COUNT IV**</u>
**(False Designation of Origin Under 15 U.S.C. § 1125)**

87.     Zany repeats and realleges Paragraphs 1 through 86 of this Complaint as if fully set forth herein.

88.     This claim is for false designation of origin, false endorsement and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as amended.

89.     By its infringement of Zany's **NO!** Marks without the consent or authorization of Zany as described above, Defendant has falsely designated the origin of Defendant's products, and Defendant has thereby competed unfairly with Zany and engaged in acts of false designation of origin and false sponsorship, in violation of 15 U.S.C. § 1125(a), as amended.

90.     Defendant's acts described above have caused and will continue to cause injury and damages to Zany, and have caused and will cause irreparable injury to Zany's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby Zany has no adequate remedy at law.

91.     As a direct result of the Defendant's infringement, Zany has suffered and will continue to suffer damages, irreparable harm and impairment of the value of its trademark and trade dress rights, great detriment to its business, goodwill, reputation and profits.

92.     Zany is entitled to recover from Defendant the damages sustained by Zany as a result of Defendant's wrongful acts in an amount subject to proof at trial.

93.     Because Defendant's actions have been willful, Zany is entitled to treble its actual damages or Defendant's profits, whichever is greater, and to an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

<u>**COUNT V**</u>
**(Common Law Trademark and Trade Dress Infringement)**

94.     Zany repeats and realleges Paragraphs 1 through 93 of this Complaint as if fully set forth herein.

95.     This claim is for trademark infringement, trade dress infringement, and unfair competition in violation of the common law of the State of New York.

96.     Defendant's infringement of Zany's **NO!** Marks, as described above, constitutes common law trademark infringement, trade dress infringement, passing off and unfair

competition in violation of common law.

97.     Defendant's acts of common law trademark and trade dress infringement, passing off and unfair competition, as described above, have caused and will continue to cause injury and damages to Zany, and have caused and will continue to cause irreparable injury and loss to Zany's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby Zany has no adequate remedy at law.

98.     As a direct result of the Defendant's infringement, Zany has suffered and will continue to suffer damages, irreparable harm and impairment of the value of its trademark and trade dress rights, great detriment to its business, goodwill, reputation and profits.

99.     Zany is entitled to recover from Defendant the damages sustained by Zany as a result of Defendant's wrongful acts in an amount subject to proof at trial.

## COUNT VI
### (Trademark Dilution Under New York Gen. Bus. Law § 360-l)

100.     Zany repeats and realleges Paragraphs 1 through 99 of this Complaint.

101.     This claim is for trademark dilution pursuant to New York Gen. Bus. Law § 360-l, as amended.

102.     Zany's **NO!** Marks are distinctive within the meaning of New York Gen. Bus. Law § 360-l, as amended.

103.     Defendant's conduct, as described above, creates a likelihood of dilution of the distinctive quality of Zany's **NO!** Marks in violation of New York Gen. Bus. Law § 360-l, as amended.

104.     Defendant's acts described above have caused and will continue to cause injury and damages to Zany, and have caused and will cause irreparable injury to Zany's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby Zany has no

adequate remedy at law.

105.     As a direct result of the Defendant's infringement, Zany has suffered and will continue to suffer damages, irreparable harm and impairment of the value of its trademark and trade dress rights, great detriment to its business, goodwill, reputation and profits.

106.     Zany is entitled to recover from Defendant the damages sustained by Zany as a result of Defendant's wrongful acts in an amount subject to proof at trial.

## COUNT VII
**(Deceptive Acts and Practices Under New York Gen. Bus. Law §§ 349-350)**

107.     Zany repeats and realleges Paragraphs 1 through 106 of this Complaint.

108.     This claim is for false advertising and deceptive acts and practices under New York Gen. Bus. Law §§ 349 and 350, *et seq.*

109.     Defendant's use of the **NO!** Marks, as described above, will cause mistake or deception among consumers and the public in the State of New York.

110.     Defendant's use of the **NO!** Marks, as described above, constitutes false advertising and deceptive acts and practices in violation of New York Gen. Bus. Law §§ 349 and 350, *et seq.*

111.     On information and belief, Defendant's unlawful conduct has been and will be intentional and deliberate, and Defendant has profited and been unjustly enriched, and will profit and be unjustly enriched by sales and publicity that Defendant would not otherwise have obtained but for its unlawful conduct.

112.     Defendant's acts described above have caused and will continue to cause injury and damages to Zany, and have caused and will cause irreparable injury to Zany's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby Zany has no adequate remedy at law.

113.     As a direct result of the Defendant's infringement and deceptive acts and practices, Zany has suffered and will continue to suffer damages, irreparable harm and impairment of the value of its trademark and trade dress rights, great detriment to its business, goodwill, reputation and profits.

114.     Zany is entitled to recover from Defendant the damages sustained by Zany as a result of Defendant's wrongful acts in an amount subject to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Zany prays that this Court find and declare as follows:

1.     That Zany possesses national registered trademark rights in **THE NO! BUTTON**, **THE NO BUTTON!**, and **NO!** for *talking electronic press-down toy; talking toys* in Class 28 since July 23, 2010;

2.     That Zany's trademark rights in **THE NO! BUTTON**, **THE NO BUTTON!**, and **NO!** for *talking electronic press-down toy; talking toys* in Class 28 predate, supersede and are superior to any rights Defendants may allege to have in **THE NO! BUTTON**, **NO!**, **NO BUTTON**, or any substantially similar or any substantially identical mark(s) that Defendant uses or intends to use;

3.     That Zany possesses distinctive trade dress rights in the configuration of its product, as described above, that supersede and are superior to any rights Defendant alleges to have in its product design, look or layout, or any substantially similar or any substantially identical trade dress;

4.     That Defendant has infringed Zany's distinctive and non-functional trade dress;

5.     That Defendant's use of Zany's **NO!** Marks, or any substantially similar or any substantially identical mark(s) and/or designs infringes or will infringe Zany's **NO!** Marks; and

6.      That Defendant's infringement of Zany's **NO!** Marks including trade dress was and is willful;

and enter judgment against Defendant as follows:

1.      Ordering that Defendant be adjudged to have violated Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and 1125(c), to have committed acts of trademark infringement and unfair competition in violation of New York common law, and dilution and deceptive acts and practices under New York statute;

2.      Ordering that Defendant be adjudged to have violated 17 U.S.C. §101, *et seq.*;

3.      Granting a permanent injunction restraining Defendant, its officers, directors, agents, employees, servants, attorneys, successors, assigns and others controlling, controlled by or affiliated with it and all those in privity or active concert or participation with any of the foregoing, and all those who receive actual notice by personal service or otherwise:

a.      From using, orally, in writing or in any media the name, word or mark **NO!**, **THE NO! BUTTON** or **THE NO BUTTON!**, or any other name, word or mark confusingly similar to Zany's **NO!** Marks on or in connection with the advertisement, promotion, marketing, offering, distribution, provision or sale of any goods, services or business;

b.      From using, orally, in writing or in any media, Zany's proprietary and distinctive trade dress design or any design confusingly similar to Zany's trade dress design, on or in connection with the advertisement, promotion, marketing, offering, distribution, provision or sale of any goods, services or business;

c.      From otherwise competing unfairly with Zany; and

d.      From engaging in deceptive trade practices;

4.      Ordering an accounting of all gains, profits, savings and advantages realized by

Defendants from its aforesaid trademark infringement, unfair competition, false designation of origin, false endorsement, false advertising and deceptive acts and practices;

5.      Awarding such damages as Zany shall establish in consequence of Defendant's aforesaid acts of trademark infringement, dilution, unfair competition, false designation of origin, false endorsement, false advertising and deceptive acts and practices, together with appropriate interest thereon, including three times the amount found as actual damages by the trier of fact to properly compensate Zany for its damages pursuant to 15 U.S.C. § 1117(a), pursuant to 17 U.S.C. §§ 504 and 505;

6.      Ordering Defendant to recall from all channels of trade, distribution, exhibition and display all actual or replica or counterfeit or infringing products, advertising displays, signs, labels, goods, product packaging, promotional materials, advertisements, commercials, web sites, and other items, the dissemination or display by Defendant of which would violate the injunction granted herein;

7.      Ordering Defendant to deactivate all websites and deliver up for destruction any and all goods, product packaging, promotion materials, advertisements, commercials and other items in the possession, custody or control of Defendant, its related companies, affiliates which, if sold, displayed or used, would violate the injunction granted herein;

8.      Ordering that, pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), Defendant shall serve upon Zany within thirty (30) days after service on Defendant of an injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

9.      Awarding Zany its costs and expenses of this action;

10.     Declaring that this is an exceptional case, pursuant to 15 U.S.C. § 1117, because

of the willful and deliberate nature of Defendant's acts of trademark and trade dress infringement, dilution, unfair competition, false designation of origin, false endorsement, false advertising and deceptive acts and practices, and awarding Zany its reasonable attorneys' fees; and

11.     Grant any such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Zany requests a trial by jury of all issues so triable.

Dated: June 4, 2019
          New York, New York

**LOMBARD & GELIEBTER LLP**

/s/ Darren M. Geliebter
Darren M. Geliebter (DG 0665)
305 Broadway, 7th Floor
New York, New York 10007
(212) 520-1172 (telephone)
(646) 349-5567 (facsimile)
*Attorneys for Plaintiff*